**Dated: November 16, 2010**


**The following is ORDERED:**



_Tom R Cornish_
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

NOT FOR PUBLICATION


IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:
G3 MARINA ADVENTURES, L.L.C.

Case No. 10-81266-TRC
Chapter 11

Debtor.

ORDER DENYING MOTION TO DISMISS OR ABSTAIN
AND DETERMINING OWNERSHIP OF ASSET

On November 8 and 9, 2010, there came on for evidentiary hearing the Motion to Dismiss

Bankruptcy Petition or for Abstention filed by Creditors Mark Pfeifer, Debbie Pfeifer and Kevin

Weniger (Docket Entry 22), Debtor's Response (Docket Entry 28), and Creditors' Reply (Docket

Entry 38). Appearing before this Court were Bradley S. Shelts and Randall E. Long on behalf of

Movants Mark Pfeifer, Debbie Pfeifer and Kevin Weniger; James W. Stamper for Debtor; Richard

Loy Gray, Jr. on behalf of Creditors PSB Corp. d/b/a Whitehorn Cove and Paul and Susan Bengels;

and Paul Thomas on behalf of the U.S. Trustee. At the conclusion of the hearing, the Court took this

matter under advisement. The Court herein enters its findings of fact and conclusions of law in

conformity with Fed. R. Bankr. P. 7052.  This Court has jurisdiction over this matter pursuant to 28

U.S.C. § 1334(b), and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  It is this

Court's determination that the Motion to Dismiss or Abstain should be denied.  It is also this Court's

determination that the Corps of Engineers' lease is not property of the estate.

FINDINGS OF FACT

Debtor is a limited liability corporation created in May of 2007 by Matthew and Brittany

Taylor ("the Taylors").  Debtor filed Chapter 11 bankruptcy on July 22, 2010.  The principal assets

Debtor purports to own involve the Whitehorn Cove Marina ("Marina"), located on Ft. Gibson Lake,

Wagoner County, Oklahoma.  Debtor claims to be the lessee of real property from the Army Corps

of Engineers ("ACOE") upon which the Marina is situated.  The Marina includes boat slips, a

restaurant, cabins, RV rental pads, mobile home spaces, and various other personal property.  This

lease allows the Marina to be operated in a flood district managed by the ACOE.  The Marina is

managed and operated by Richard Toler ("Toler").  Toler claims to own 100% of the membership

shares in Debtor, having received these shares from the Taylors in two separate transactions in

exchange for Toler's infusion of at least $400,000 into the Marina.  The ACOE recognizes Toler as

the manager of concessions at the Marina.

The Marina has changed ownership several times over the past eight years.  PSB Corp./ Paul

and Susan Bengels ("Bengels") purchased the Marina in 1993.  They sold the Marina to  Ashrag and

Dana Naqvi in 2002 and took a first lien on all real and personal property sold. The Naqvi's sold the

Marina to Kevin Weniger, Mark Pfeifer and Debbie Pfeifer ("Weniger/Pfeifers") in 2004 and took

a second lien on all property sold.  The Weniger/Pfeifers sold the Marina to the Taylors in 2007,

taking a third lien on the property.   The Taylors created G3 Marina Adventures, L.L.C. soon after

they purchased the Marina from the Weniger/Pfeifers, ostensibly to protect themselves from personal liability regarding Marina operations. They attempted to transfer all of their interest in the Marina to the limited liability corporation. Shortly after the Taylors purchased the Marina, they experienced severe financial difficulties due to excessive rains and flooding, which caused the Marina to lose electricity and to be closed for most of the summer of 2007 and part of 2008.

With each sale, the buyers transferred Marina property, including the ACOE lease, to the sellers, and sellers assumed the debt. However, transfer of the lease was subject to the approval of the ACOE. Section 20 of the lease contains the following provision entitled "Transfers, Assignments, Subleases":

> a.  Without prior permission in writing from the District Engineer, the Lessee shall neither transfer nor assign this lease or a controlling interest therein . . . nor sublet the premises or any part thereof, nor grant any interest, privilege, or license whatsoever in connection with this lease, nor shall this lease be assignable or transferable by process or operation of law including, but not limited to, insolvency proceedings, bankruptcy, or intestacy, or in any other manner whatever.

ACOE records reflect that the current owners of the lease are the Taylors. The ACOE has received a written request from Toler to transfer the lease into the name of the Toler Family Trust, but no formal application has been submitted to transfer the lease into Debtor's name.

This restriction on transfers of the ACOE lease is also found in other documents, including the purported transfer by the Taylors of Marina assets to G3 Marina Adventures, L.L.C.. Section 3 of the "Bill of Sale and Assignment and Assumption of Liabilities" from the Taylors, identified as "Transferor," to G3, identified as "Company," states:

> This Bill of Sale and Assignment is subject to the successful transfer of the lease from Transferor to Company as a result of the approval of Company's application with the U.S. Army Corps of Engineers. In the event the lease is not approved and transferred, the subject property reverts back to Transferor.

A nearly identical Section 3 is also found in the Bill of Sale and Assignment from the Weniger/Pfeifers to the Taylors, the only difference being that it uses the terms "Seller" and "Buyer" in place of "Transferor" and "Company." Section 20 of the ACOE lease is referenced in the Assignment of Lease from the Weniger/Pfeifers to the Taylors: "[C]ondition 20 of the said lease provides that the lessee shall neither transfer nor assign said lease without permission, in writing, from the **District Engineer** . . . ." (Emphasis in original). This Assignment of Lease to the Taylors was approved and signed by the ACOE on March 14, 2008. The Contract for Sale of Real Estate from the Weniger/Pfeifers to the Taylors also states that application must be made to the ACOE to transfer the lease.

In January of 2010, a Settlement Agreement was reached between the Taylors, Debtor, Toler, Toler Family Trust, the Weniger/Pfeifers, the Bengels, and the Naqvis, whereby the Taylors transferred all of their rights and obligations regarding the Marina to Toler, individually and as Trustee of the Toler Family Trust. Toler promised to pay $110,000 to the Weniger/Pfeifers by July 15, 2010. Failure to tender that amount by July 25, 2010 was to result in an automatic reversion of the Marina assets to the Weniger/Pfeifers. The Taylors also executed another Bill of Sale and Assignment on January 23, 2010, selling their interest in the Marina to Toler as Trustee of the Toler Family Trust. Two state court lawsuits are pending in Wagoner County regarding this settlement agreement and the sale of the Marina from the Weniger/Pfeifers to the Taylors.

Debtor's schedules list four creditors holding secured claims totaling $ 3,275,987.32, of which Debtor estimates $2,192,999.77 is unsecured. Evidence presented at trial included a valuation of the Marina as of December 31, 2008, at $900,000. Debtor's operating report for September 2010 reflects profit of $800, with no payments made to secured creditors. Debtor has not

filed a plan of reorganization.  The exclusivity period expires on November 19, 2010.

CONCLUSIONS OF LAW

Creditors Weniger/Pfeifer seek to have this Court dismiss this bankruptcy pursuant to 11 U.S.C. § 1112(b), alleging bad faith in the filing, or, in the alternative, request that the Court abstain from hearing any disputes between them and Debtor, pursuant to 11 U.S.C. § 305.  The burden of proof to show cause for dismissal of a Chapter 11 bankruptcy based upon bad faith rests on the movant by a preponderance of the evidence.  *In re Forest Hill Funeral Home & Memorial Park*, 362 B.R. 808, 819 (Bankr. E.D. Okla. 2007)(citations omitted).  Likewise, the burden of proof regarding abstention rests on the party seeking abstention.  *Id.*

Bad faith is determined on a case by case basis based upon the specific facts in a case, but ultimately rests on the sound discretion of the bankruptcy court. *See In re Gunnison Ctr. Apartments, LP,* 320 B.R. 391, 399-400 (Bankr. D. Colo. 2005).  Based upon the evidence before it, this Court finds that Movant has not established bad faith by a preponderance of the evidence.  Although there are elements of bad faith present, such as the timing of the filing in relation to the settlement agreement reversion clause, the questionable possibility of reorganization due to the tremendous debt, and the issues surrounding the ownership of the lease and Marina assets, this Court does not believe that Debtor filed this case in bad faith.  (Creditors Weniger/Pfeifer inasmuch admitted this at trial.)  This is not a case where Debtor attempted to transfer property out of the estate to avoid using it to pay creditors.  Instead, Toler was attempting to preserve property so that Debtor would be able to propose a confirmable plan.  The Court finds the testimony of Mr. Taylor and Mr. Toler to be credible.  Both sincerely believed that they had taken the necessary steps to transfer title of the lease to Debtor.  Mr. Toler appears to believe that transfer of the lease is simply a formality, given

the fact that the ACOE has authorized him to manage the Marina concessions. Toler appears sincerely dedicated to doing what is best to keep the Marina operating so as to satisfy secured creditors as well as preserve his investment. Therefore, the Court finds that the Motion to Dismiss should be denied.

The Court finds no reason to abstain from hearing this case. Abstention under § 305 is discretionary with this Court and is only proper in extraordinary circumstances. *In re Forest Hill*, 364 B.R. at 824 (citations omitted). Based upon the information before the Court, this Debtor is not a named party in the state court proceedings, therefore there is not a pending state court proceeding involving this Debtor.

Although the Court finds that neither dismissal or abstention are proper at this time, there are significant hurdles for this Debtor to overcome if it is to effectively reorganize. A fundamental issue in bankruptcy is to determine what the debtor owns, i.e, what is property of the estate, that may be available for reorganization and to pay the claims of its creditors. 11 U.S.C. § 541. In this case, the focus is on the ownership of the ACOE lease. Due to its location on Ft. Gibson Lake, the Marina may only be operated through a lease from the ACOE. According to the terms of the lease, the Marina premises may only be occupied and used by the ACOE-approved lessee. ACOE records indicate that the Taylors are currently the lessees of record, not Debtor nor Toler. Although the ACOE has approved Toler as manager of concessions of the Marina, the Debtor has never been authorized or approved by the ACOE to operate as lessee.

Although the Taylors attempted to transfer their interest in the Marina and the lease to Debtor as of May of 2007, the transfer was not effective. The language of the lease itself, the Bills of Sale, and the Assignment of Lease include clear and unequivocal language stating that transfers or

assignments of the lease are prohibited without the written consent of the ACOE. The Court need not resort to extrinsic evidence to consider the Taylors' or Toler's intent because the written terms of the lease itself, the Bills of Sale, and Assignment of the lease are clear on their face. Therefore, the purported transfer by the Taylors to G3 (Debtor) was not effective, at least as to the lease itself, because the Taylors never sought the approval or consent of the ACOE nor the Weniger/Pfeifers. Thus, although Toler believes Debtor is the lessee, the terms of the Bill of Sale from the Taylors to Debtor actually provide that if transfer of the Lease into the name of G3 Marina Adventures L.L.C. is not approved by the ACOE, "the subject property reverts back to [the Taylors]." Transfer of the lease as well as other property located at the Marina was never approved by the ACOE. Furthermore, Debtor appears to have made little effort to obtain ACOE approval of have the lease transferred to it. Not all of the required documentation to formally transfer the lease to Debtor's name has been submitted. Instead, Toler has formally requested a transfer to the Toler Family Trust.

This Court makes no determination regarding the effect of the Settlement Agreement dated January of 2010, nor of the Bill of Sale and Assignment from the Taylors to Toler as Trustee of the Toler Family Trust, dated January 23, 2010. Although the Court has determined that the Motion to Dismiss or Abstain for bad faith should be denied at this time, Debtor needs to take appropriate steps to demonstrate that it will be able to effectively reorganize, or seek conversion or dismissal of this case on its own motion. The exclusivity period shall expire November 19, 2010. The Court does not desire to extend the exclusivity period, but it does determine that a deadline is appropriate to ensure prompt action by Debtor and protect the interests of creditors and of the estate.

IT IS THEREFORE ORDERED that the Motion to Dismiss Bankruptcy Petition or for Abstention (Docket Entry 22) is **denied**.

IT IS FURTHER ORDERED that the Debtor is not the owner or lessee of the Army Corps of Engineers Lease No. DACW56-1-93-040 for the Whitehorn Cove Marina on Fort Gibson Lake, Wagoner County, Oklahoma.

IT IS FURTHER ORDERED that by **December 15, 2010**, Debtor shall file either its Disclosure Statement with Chapter 11 Plan of Reorganization, a motion to convert, or a motion to dismiss.

###